UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN LOVE LUNDY TRUST, : | |
| Plaintiff : | CIVIL ACTION NO. 3:21-1767 |
| v. : | (JUDGE MANNION) |
| KENNETH LENNING, *et al.*, : | |
| Defendants : | |

# O R D E R

Pending before the court is the report of Magistrate Judge Susan E. Schwab which recommends that the plaintiff's amended complaint be dismissed with prejudice in accordance with 28 U.S.C. §1915 and Fed.R.Civ.P. 12(b)(6). It is further recommended that plaintiff's motion for attorney's fees be dismissed with prejudice. (Doc. 25). The plaintiff has failed to file any substantive objections to Judge Schwab's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give

some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, plaintiff filed the instant action on October 18, 2021. (Doc. 1). After plaintiff's filing of various miscellaneous documents (Doc. 7-9, 11-15), by order dated May 16, 2022, he was granted leave to file an amended complaint (Doc. 16), which he did on June 22, 2022. (Doc. 21). In the meantime, on June 3, 2022, plaintiff filed a motion for attorney's fees in which he requests in excess of $28 million in attorney's fees despite proceeding *pro se*. (Doc. 18).

Judge Schwab gave the amended complaint preliminary review and determined that it fails to state a claim upon which relief can be granted. As such, she issued the instant report in which she recommends that the amended complaint be dismissed with prejudice. In addition, Judge Schwab reviewed plaintiff's motion for attorney's fees and recommends that the motion be dismissed. (Doc. 25).

In reviewing plaintiff's amended complaint, Judge Schwab found that it does not comply with the pleading requirements of Fed.R.Civ.P. 8, in that it does not provide fair notice of what claims plaintiff is raising. Judge Schwab

- 2 -

found that the amended complaint does not even make clear who plaintiff is naming as defendants.

The Commonwealth of Pennsylvania is listed as the only named defendant in the amended complaint.[1] To the extent plaintiff is now only bringing the instant action, *via* the amended complaint, against the Commonwealth, Judge Schwab found his claims to be barred by the Eleventh Amendment. Further, Judge Schwab found the plaintiff's listed cause of action – one in replevin – is not a permissible cause of action against the Commonwealth. Because the plaintiff has already been given an opportunity to file an amended complaint, Judge Schwab found that any further leave to amend would be futile.

Finally, as to plaintiff's motion for attorney's fees, Judge Schwab determined that, generally, a *pro se* litigant cannot recover attorney's fees for their work litigating a case. Moreover, she determined that the plaintiff has not brought a claim under any statute which would entitle him to recover any such fees.

In response to Judge Schwab's report and recommendation, plaintiff filed an untimely document titled "Objection." (Doc. 27). However, upon

---

[1] As such, the remaining individuals previously named in the original complaint, but not named as defendants in the amended complaint, should be termed.

- 3 -

review, the document contains no substantive objection to Judge Schwab's report, but is an apparent attempt at filing a second amended complaint without seeking leave of court. Plaintiff's filing will be stricken.[2]

Without any substantive objection, the court has reviewed the report and recommendation of Judge Schwab and finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Schwab to her conclusions that plaintiff's amended complaint and motion for attorney's fees should be dismissed with prejudice. As such, the court will adopt the report and recommendation in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Schwab **(Doc. 25)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

**(2)** The plaintiff's "Objection" **(Doc. 27)** is construed by the court as a second amended complaint filed without leave of court and is **STRICKEN FROM THE RECORD**.

---

[2] Upon cursory review, it is noted that plaintiff's second attempt at amending his complaint fares no better than his first.

- 5 -

**(3)** The plaintiff's amended complaint **(Doc. 21)** is **DISMISSED WITH PREJUDICE**.

**(4)** The plaintiff's motion for attorney's fees **(Doc. 18)** is **DISMISSED WITH PREJUDICE**.

**(5)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 21, 2022**
21-1767-01